UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES,** | Case No.: CR 12-00235 YGR |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |
| v. | |
| **DMARCE HUTCHERSON,** | Re: Dkt. No. 220 |
| Defendant. | |

On June 2, 2016, movant Dmarce Hutcherson filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. section 2255. (Dkt. No. 220.) The government opposed the motion. (Dkt. No. 240.) Having considered all of the papers filed by the parties, the record in this case, and for good cause shown, the Court **DENIES** the motion.[1]

**I.   BACKGROUND**

   **A.   Procedural Background**

On May 16, 2013, Dmarce Hutcherson was convicted of (i) Assault on a Federal Officer in violation of 18 U.S.C. section 111(b), and (ii) Using, Carrying, Possessing, and Brandishing a Firearm During, in Relation to and in Furtherance of a Crime of Violence in violation of 18 U.S.C. section 924(c)(1)(A). He was sentenced to 105 months in prison. (Dkt. No. 149.) His sentencing range was calculated to be 102-108 months based on a total offense level of 15 and a criminal history category of VI, including an additional 84-month mandatory term for the Section 924(c) conviction. Hutcherson pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement containing a collateral-attack waiver.

---

[1] The Court also **DENIES** the government's motion for stay of proceedings (Dkt. No. 250) as moot.

### B. *Johnson v. United States*

In *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), the Supreme Court addressed a challenge to the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. section 924(e), which provides that a defendant with three prior "violent felony" convictions faces a fifteen-year mandatory-minimum sentence if convicted of violating 18 U.S.C. section 922(g). 18 U.S.C. § 924(e). The ACCA residual clause definition of "violent felony" encompasses any crime that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* The *Johnson II* Court held that the residual clause is so vague that it "both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557. Accordingly, the *Johnson II* Court held that an increase to a defendant's sentence under the clause "denies due process of law." *Id.* In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson II* is retroactive as applied to the ACCA.

## II. LEGAL STANDARD

A prisoner in custody under sentence of a federal court, making a collateral attack against the validity of his or her conviction or sentence, must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. section 2255 in the court that imposed the sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Under 28 U.S.C. section 2255, a federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.

## III. DISCUSSION

Hutcherson's motion hinges on an argument that the crime of assault on a federal officer with a deadly or dangerous weapon no longer qualifies as a "crime of violence" after *Johnson II*. If it is not a crime of violence then it cannot serve as a predicate offense for his mandatory-minimum sentence under 18 U.S.C. section 924(c).

In response, the government argues that (i) Hutcherson's conviction for assault on a federal officer in violation of 18 U.S.C. section 111(b) remains a crime of violence after *Johnson II*, (ii) Hutcherson waived his right to attack collaterally the sentence, (iii) he procedurally defaulted his

2

claim under *Johnson II* by failing to file a direct appeal, (iv) his claim is time-barred, and (v) the residual clause of 18 U.S.C. section 924(c) is not void for vagueness after *Johnson II*.

The Court begins its analysis with the threshold issue of whether assault on a federal officer under 18 U.S.C. section 111(b) remains a crime of violence after *Johnson II*.

### A. Legal Framework for Crime of Violence Analysis

Section 924(c)(1)(A) provides for certain penalties for a person "who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Under Section 924(c)(3), a "crime of violence" in this context means:

> an offense that is a felony and **(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another**, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (emphasis supplied). Subsection (A) of Section 924(c)(3) is referred to as the "elements clause," and subsection (B) is referred to as the "residual clause."[2]

To determine whether an offense qualifies as a "crime of violence" under section 924(c)(3), the Ninth Circuit applies the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). A court applying the categorical approach must "determine whether the [offense] is categorically a 'crime of violence' by comparing the elements of the [offense] with the generic federal definition"—here, the definition of "crime of violence" set forth in the section 924(c)(3) force clause. *United States v. Sahagun–Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015) (citation omitted). This process requires the court to "look to the elements of the offense rather than the particular facts underlying the defendant's own [case]." *United States v. Dominguez–Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014). The court "must presume that the [offense] rest[s] upon nothing more than the least of the acts criminalized, and then determine whether even those acts are

---

[2] The viability of Section 924(c)(3)'s residual clause is highly doubtful in light of recent precedent. Following *Johnson II*, which invalidated the materially same residual clause of Section 924(e), the Ninth Circuit struck down the residual clause of 18 U.S.C. section 16, which is identical to that of Section 924(c)(3). *See Dimaya v. Lynch*, 803 F.3d 1110, 1112 (9th Cir. 2015), *cert. granted*, No. 15-1498, 2016 WL 3232911 (U.S. Sept. 29, 2016).

3

encompassed by the generic federal offense." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (internal quotation marks and alterations omitted). If the elements of the offense "criminalize a broader swath of conduct" than the conduct covered by the generic federal definition, the offense cannot qualify as a crime of violence, even if the particular facts underlying the defendant's own case might satisfy that definition. *Dominguez–Maroyoqui*, 748 F.3d at 920 (internal quotation marks and citation omitted).

In ascertaining the scope of conduct criminalized by the elements of an offense, the court considers not only the statutory language, "but also the interpretation of that language in judicial opinions . . . ." *Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1054 (9th Cir. 2011) (internal quotation marks omitted). To find an offense overbroad, there must be a "realistic probability, not a theoretical possibility," that the statute would be applied to conduct not encompassed by the generic federal definition. *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 184 (2007).

In a case involving a "divisible" statute, the court may also go beyond the categorical approach and apply the "modified categorical approach," which allows the court "to examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013). A statute is "divisible" when it contains "multiple, alternative *elements* of functionally separate crimes," *Rendon v. Holder*, 764 F.3d 1077, 1084–85 (9th Cir. 2014) (emphasis in original), as opposed to just "alternative means of committing the same crime." *Almanza-Arenas v. Lynch*, 815 F.3d 469, 478 (9th Cir. 2016). "[T]he key question [the court] must ask when determining a statute's divisibility is whether a jury would have to be unanimous in finding those separate elements." *Ramirez v. Lynch*, 810 F.3d 1127, 1134 (9th Cir. 2016).

Finally, the force used for the purposes of a crime of violence determination must be "violent" force. *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*"). The defendant must use the force intentionally, not just recklessly or negligently. *See United States v. Dixon*, 805

4

F.3d 1193, 1197 (9th Cir. 2015); *Fernandez–Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006); *see also Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004).[3]

With this legal framework in mind, the Court examines whether a conviction under Section 111(b) is a crime of violence.

### B. Classification as a Crime of Violence: Assault on a Federal Officer with a Deadly or Dangerous Weapon

Section 111 prohibits assault against federal officials:

(a) In general. Whoever

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . .

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

(b) Enhanced penalty. **Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon** (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) **or inflicts bodily injury,** shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111 (emphasis supplied).

The Ninth Circuit has held that Section 111 creates three separate offenses. *Dominguez–Maroyoqui*, 748 F.3d at 919–20; *United States v. Chapman*, 528 F.3d 1215, 1218 (9th Cir. 2008) (same). Thus, the statute is a divisible statute with three separate offenses, namely: (1) a misdemeanor under section 111(a) if the defendant's acts constitute "only simple assault;" (2) a

---

[3] In a recent decision evaluating the crime of violence status of involuntary manslaughter under 18 U.S.C. section 1112(a), the Ninth Circuit noted that the Supreme Court's decision this past June in *Voisine* suggests that reckless conduct can constitute a crime of violence. *See United States v. Benally*, No. 14-10452, 2016 WL 6574490, at *4 (9th Cir. Nov. 7, 2016) (citing *Voisine v. United States*, 136 S. Ct. 2272 (2016)). In *Voisine*, the Court held that for the purposes of a domestic violence statute, 18 U.S.C. § 921(a)(33)(A), reckless conduct can constitute a crime of violence. However, the Ninth Circuit expressly declined to resolve any tension regarding the inclusion of reckless conduct as an element of a crime of violence. Here, as the Court finds that Section 111(b) requires the use of intentional force (see Section III(B)(3), *infra*), it does not reach this issue.

felony with a maximum sentence of 8 years under section 111(a) if the defendant's acts "involve physical contact with the victim of that assault or the intent to commit another felony;" and (3) a felony with a maximum sentence of 20 years under section 111(b) if the defendant "uses a deadly or dangerous weapon . . . or inflicts bodily injury." *See* 18 U.S.C. § 111. Court analyzes the third offense here.

The offense of assault on a federal officer with a deadly or dangerous weapon in violation of 18 U.S.C. section 111(b) is a crime of violence if it meets the "elements" test under Section 924(c)(3)(A). The Ninth Circuit has held that Section 111(b) meets the identical elements test under 18 U.S.C. section 16(a). *United States v. Juvenile Female*, 566 F.3d 943 (9th Cir. 2009) ("*JF*"). The *JF* court reasoned as follows:

> **There are two variants of this offense: (1) assault involving a deadly or dangerous weapon, and (2) assault resulting in bodily injury.** "To constitute an assault, an action must be either a willful attempt to inflict injury upon the person of another, or . . . a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *Chapman,* 528 F.3d at 1219–20 (internal quotation marks omitted). This court also requires intent to assault. *United States v. Spears,* 631 F.2d 114, 117 n. 5 (9th Cir. 1980). A deadly or dangerous weapon is "any object which, as used or attempted to be used, may endanger the life of or inflict great bodily harm on a person." *United States v. Sanchez,* 914 F.2d 1355, 1358 (9th Cir. 1990) (internal quotation marks omitted).
>
> A defendant charged with the first variant, assault with a deadly or a dangerous weapon, must have always "threatened [the] use of physical force," 18 U.S.C. § 16(a), because he or she will have either made a "willful attempt to inflict injury" or a "threat to inflict injury," *Chapman,* 528 F.3d at 1219–20 (internal quotation omitted), with an object that "may endanger the life of or inflict great bodily harm on a person," *Sanchez,* 914 F.2d at 1358. Similarly, a defendant charged under the second variant, assault resulting in bodily injury, necessarily must have committed an act of force in causing the injury. **Thus, both variants are "crimes of violence" pursuant to 18 U.S.C. § 16(a).**

*JF*, 566 F.3d at 947–48 (emphasis supplied).

The elements test for a "crime of violence" under Section 16(a) is identical to that of Section 924(c)(3), as both define the term to include any offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ." 18 U.S.C. § 16(a); 18 U.S.C. § 924(c)(3)(A). Therefore, this Court is bound by the *JF* decision to find that a

6

conviction for assault on a federal officer with a deadly or dangerous weapon under Section 111(b) is a crime of violence.

Hutcherson argues that the Court should not follow *JF* because (i) *Johnson II* overruled its holding, (ii) assault on a federal officer does not require the use or threatened use of violent force, and (iii) the offense does not require that the use or threatened use of force to be intentional. The Court addresses each argument in turn.

### 1. *Effect of Johnson II*

Hutcherson first argues that *JF* no longer governs this case after *Johnson II* because it was decided under the unconstitutional residual clause of Section 18 U.S.C. 16(b). However, the *JF* court did not rely solely on the residual clause for its holding. Rather, it included in its holding that assault on a federal officer with a deadly or dangerous weapon was a crime of violence under the elements test of 18 U.S.C. section 16(a). *See JF*, 566 F.3d at 947–48. Thus, *Johnson II* does not overrule the holding in *JF*.

### 2. *Violent Force*

Next, Hutcherson argues that *JF*'s holding under the elements clause of Section 16(a) is invalid because assault on a federal officer does not require the use or threatened use of violent force. He first argues that the *JF* court made no finding of "violent force" as required by *Johnson I*. Although the *JF* court did not specify that violent force was required for a conviction under Section 111(b), it noted in its crime of violence analysis that the "ordinary meaning of ['crime of violence'], combined with § 16's emphasis on the use of physical force against another person . . . suggests a category of violent, active crimes." *JF*, 566 F.3d at 947 (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004)). In addition, by the time the Ninth Circuit had decided *JF*, it had already established a "violent force" requirement under 18 U.S.C. § 16 and similar generic offense provisions. *See United States v. Bell*, 158 F. Supp. 3d 906, 915 (N.D. Cal. 2016) (collecting cases). Thus, the Court is not persuaded that *JF* failed to take into account the violent force requirement under the elements clause.

Hutcherson further cites *Dominguez-Maroyoqui* for the proposition that a Section 111 conviction may result from any use of force, not just violent force, and thus argues that Section

7

111(b) does not qualify as a crime of violence. However, *Dominguez-Maroyoqui* only determined that a "[Section] 111(a) felony does not require proof, as a necessary element, that the defendant used, attempted to use, or threatened to use physical force as defined in *Johnson [I]*." 748 F.3d at 921. It did not make the same finding for Section 111(b), the offense at issue here.

Citing the out-of-circuit decision in *United States v. Torres–Miguel*, 701 F.3d 165 (4th Cir. 2012), Hutcherson also argues that because not all injury involves the use of violent force, Section 111 is not a crime of violence. In *Torres-Miguel*, the Fourth Circuit held that a criminal threats conviction under California Penal Code § 422(a), which occurs when an individual "willfully threatens to commit a crime which will result in death or great bodily injury to another person," is not categorically a crime of violence under U.S.S.G. § 2L1.2 because such an offense may result in death or great bodily injury without involving the use of physical force. Cal. Penal Code § 422(a); *Torres-Miguel*, 701 F.3d at 167-71. Movant argues by way of example that, under Section 111(b), "poison would qualify as a dangerous weapon, and the act of poisoning or threatening to poison someone's food in order to obtain money puts that person's life in jeopardy, but requires no 'violent force.'" (Motion at 20-21.) The Ninth Circuit has rejected such reasoning:

> In *Villavicencio–Burruel*, we concluded that, based on the plain language of the statute, "section 422's elements necessarily include a threatened use of physical force 'capable of causing physical pain or injury to another person.'" 608 F.3d at 562 . . . .
>
> The Fourth and Fifth Circuits reasoned that section 422 does not qualify categorically as a crime of violence under the element test, because one could threaten to poison another, which is not (under their precedent) "force," and therefore not a crime of violence. *See United States v. Torres–Miguel*, 701 F.3d 165, 168–69 (4th Cir. 2012); *United States v. Cruz–Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010). However, this reasoning has been rejected by the Supreme Court. *United States v. Castleman*, ––U.S. ––, 134 S.Ct. 1405, 1415, 188 L.Ed.2d 426 (2014) ("The 'use of force' ... is not the act of 'sprinkling' the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." (alteration omitted)); *see also United States v. De La Fuente*, 353 F.3d 766, 770–71 (9th Cir. 2003) (concluding that a threat of anthrax poisoning constituted a "threatened use of physical force" because the defendant's "letters clearly threatened death by way of physical contact with anthrax spores"). Further *Villavicencio–Burruel* remains the law of this circuit.

*Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1131 (9th Cir. 2016).

Accordingly, the movant's argument does not persuade. The Court joins *Bell* in following Ninth Circuit precedent to find that Section 111(b) qualifies as a crime of violence. *See Bell*, 158 F. Supp. 3d at 916; *see also United States v. Lawrence*, 627 F.3d 1281, 1284–87 (9th Cir. 2010) (state statute criminalizing the "reckless infliction of substantial bodily harm in the course of an intentional assault" is a violent felony under the ACCA force clause); *United States v. Jennen*, 596 F.3d 594, 601 (9th Cir. 2010) ("Our conclusion that unconsented touching with a firearm requires 'the use, attempted use, or threatened use of physical force' compels the conclusion that unlawful touching using a deadly weapon does too."); *United States v. Laurico–Yeno*, 590 F.3d 818, 822 (9th Cir. 2010) ("[California Penal Code § 273.5] does not penalize minimal, nonviolent touchings. It penalizes the intentional use of force that results in a traumatic condition. This . . . covers a category of 'violent, active crimes.'"); *United States v. Grajeda*, 581 F.3d 1186, 1192 (9th Cir. 2009) ("[E]ven the 'least touching' with a deadly weapon or instrument . . . is violent in nature and demonstrates at a minimum the threatened use of actual force." (citation omitted)) .[4]

### 3. *Intentional Force*

Finally, Hutcherson contends that *JF*'s holding under the elements clause of Section 16(a) is invalid because assault on a federal officer does not require that the use or threatened use of force be intentional. He acknowledges that the Ninth Circuit held in *JF* that both variants of Section 111(b) (*i.e.*, assault involving a deadly or dangerous weapon, and assault resulting in bodily injury) "require[] intent to assault," but urges the Court not to follow this precedent. *See JF*, 566 F.3d at

---

[4] The Court acknowledges movant's argument based on *United States v. Garcia-Camacho*, 122 F.3d 1265, 1269 (9th Cir. 1997), that a defendant could unintentionally cause an officer to suffer a violent injury where the defendant's initial resistance (without the use of violent force) causes the officer to use force to subdue him. However, this is only a theoretical possibility, as the defendant in *Garcia-Camacho* "engaged the agent in a violent assault." 122 F.3d at 1267. Defendant has not identified any real-world examples of Section 111(b) being applied in a manner beyond the scope of "crime of violence" as defined in Section 924(c)(3)'s elements clause. *See Lawrence*, 627 F.3d at 1287 (acknowledging that it "may be possible to dream up unusual scenarios in which a nonviolent act, such as spitting, could thereby result in 'substantial bodily injury,'" but nonetheless holding that the defendant's conviction for second-degree assault was a crime of violence, where the defendant did not claim that his own conduct involved nonviolent conduct and did not point to any case applying the statute of conviction to nonviolent conduct).

9

947. He cites *United States v. Jim*, which held that assault on a federal officer under Section 111 is a "general intent" crime, in arguing that the offense requires no specific *mens rea* or intentionality with respect to the use of force or causation of injury. *See United States v. Jim*, 865 F.2d 211, 215-216 (9th Cir. 1989). However, the *Jim* decision (which preceded *JF*) held that Section 111(b) does not require *intent to injure*—it did not hold that the offense may be committed without *intentional use of force*, as required for a crime of violence. *See Jim*, 65 F.2d 211 at 215-216; *Dixon*, 805 F.3d at 1197. Therefore, *Jim* does not persuade.

Furthermore, the *Grajeda* court previously rejected the same argument that assault with a deadly weapon does not require intentional use of force because it is a general intent crime. In that case, the court held that assault with a deadly weapon satisfies the *mens rea* requirement for a crime of violence under the elements clause of U.S.S.G section 2L1.2[5] because it requires an intentional act and actual knowledge that the act will probably result in the application of physical force. *See Grajeda*, 581 F.3d at 1194 ("This formulation of the necessary *mens rea* . . . satisfies the concerns animating *Leocal* and *Fernandez–Ruiz* that the proscribed conduct be 'violent' and 'active,' and the use of force not merely accidental, as in an automobile accident stemming from drunk or reckless driving."); *see also U.S. v. Melchor-Meceno*, 620 F.3d 1180, 1184 (2010) ("Such intentionality may be found in a general intent crime."). In short, *JF* and the weight of Ninth Circuit authority compel a finding that Section 111(b) satisfies the intentionality requirement for a crime of violence.

Accordingly, the Court concludes that assault on a federal officer under 18 U.S.C. section 111(b) remains a crime of violence after *Johnson II*.[6]

---

[5] A "crime of violence" under the elements clause of Section 2L1.2 is an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2. This is materially the same as the definition under Section 924(c)(3), which also includes the same application of force against the property of another. 18 U.S.C. § 924(c)(3).

[6] Given the Court's finding that Section 111(b) qualifies as a crime of violence, the Court need not consider the government's other arguments (*i.e.*, waiver, procedural default, untimeliness, the viability of Section 924(c)'s residual clause after *Johnson II*).

### IV. CONCLUSION

In conclusion, the Court **DENIES** Hutcherson's motion to vacate, set aside, or correct sentence under 28 U.S.C. section 2255.

This terminates Docket Number 220. The Clerk shall close administrative file number 16-cv-02967.

**IT IS SO ORDERED**.

Date: November 10, 2016

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**