STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KATHERINE M. LLOYD-LOVETT (CABN 276256)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    katherine.lloyd-lovett@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 12-CR-00235 YGR-3 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| v. | ) | **GOVERNMENT'S MOTION TO DETAIN** |
| | ) | **DMARCE HUTCHERSON** |
| DMARCE HUTCHERSON, | ) | |
| Defendant. | ) | |

## I.    INTRODUCTION

Defendant Dmarce Hutcherson is scheduled to appear before the Honorable Robert M. Illman on October 14, 2021, for an initial appearance on a Petition for Warrant for Person Under Supervision ("Petition," Dkt. 307). At that hearing, the government intends to move for defendant's detention pending resolution of the charged supervised release violation. As a person on supervised release, defendant bears the burden of showing by clear and convincing evidence that he will not flee nor pose a danger to any other person or to the community. Fed. R. Crim. P. 32.1(a)(6). Based on defendant's serious and violent prior convictions and the new allegations contained in the Petition, the government submits that defendant is both a danger to the community and a flight risk, and therefore that he should be detained.

## II.  FACTUAL BACKGROUND

### A. Defendant's 2013 Convictions for Assault on a Federal Officer and Using, Carrying, Possessing, and Brandishing a Firearm During, in Relation to, and in Furtherance of a Crime of Violence.

The underlying convictions for which defendant is currently on supervised release are serious and concerning.  In March 2012, defendant agreed with his two cousins to commit an armed robbery and participated in that robbery by holding a loaded gun to the victim's head as his cousin demanded money from the victim.  The below facts regarding defendant's convictions are set forth in the Presentence Investigation Report and the government's Sentencing Memorandum (Dkt. 114).

Defendant's cousin, Otis Mobley, organized the armed robbery by setting up a bogus firearms sale.  In the week prior to the planned robbery, Otis Mobley negotiated with a confidential informant ("CI") about the sale of firearms.  After negotiating about the sale of several types of firearms, Otis Mobley arranged to sell a grenade launcher to the CI and the CI's associate (an undercover federal agent) for $1,000.  They set up a time and place to meet.

On March 28, 2012, Otis Mobley drove to the site of the proposed transaction – the Chevy's parking lot in Richmond – at approximately 3:00 p.m.  With Otis Mobley were his cousins, defendant and Khusar Mobley.  Knowing the plan, defendant and Khusar Mobley got into the back seat of the undercover agent's car, while Otis Mobley stood outside the car.  Within seconds of getting into the car, both defendant and Khusar Mobley pulled out loaded handguns and held them to the undercover agent's head.  Khusar Mobley repeatedly demanded, "Empty your pockets!"  As he attempted to push the barrel of a firearm away from his head, the agent pleaded, "Don't shoot, don't shoot, I'll give you everything you need!  Let me park the car, let me park the car!  I'm emptying out my pockets!"  The CI that arranged the deal fled from the car's front passenger seat, leaving the door open.  A second confidential informant at the scene reached into the car, grabbed Khusar Mobley's gun, and wrestled it from him. Khusar Mobley and the defendant (who was still armed) then jumped from the car and tried to run away. Responding law enforcement shot defendant.

When defendant's handgun was later recovered, agents confirmed that it had live rounds of ammunition in the magazine.  Moreover, one of defendant's fingerprints was recovered from the magazine, demonstrating that he knew that the firearm was loaded when he pointed it at the undercover

agent's head. Defendant had been a hair's breadth away from committing a murder.

Defendant was ultimately convicted of assault on a federal officer and using, carrying, possessing, and brandishing a firearm during, in relation to, and in furtherance of a crime of violence. Dkt. 149. Defendant was sentenced to 105 months in custody, to be followed by five years of supervised release. *Id.*

### B. The allegations in the Petition bear disturbing similarities to defendant's convictions.

The Petition alleges that defendant has committed a new federal, state, or local crime, in violation of his supervised release conditions. Dkt. 307. According to police reports generated by the Contra Costa County Sheriff's Office, a shooting occurred in North Richmond on October 6, 2021. A Nissan Quest van was observed on video surveillance, with someone shooting out of the rear passenger sliding door. A man was shot and was rushed to the hospital for treatment.

Approximately an hour and a half after the shooting, a police officer identified the Nissan Quest driving past him based on the license plate of the vehicle. The police officer attempted to pull over the Nissan using his emergency lights and siren, but the driver of the van fled for over two miles, driving dangerously at speeds of up to 80 miles per hour and nearly colliding with oncoming vehicles. A black object—later identified as a gun magazine—was thrown from the passenger seat of the van during the chase. Four individuals then abandoned the van and fled, and the van crashed into a fence. The four individuals jumped over fences and were chased by the police. Defendant refused to comply with police orders to stop, and he was ultimately tased and then arrested. Two other individuals, Malik Washington and Keith Attaway, were also arrested, but the fourth individual was not found.

A loaded Glock handgun with an extended magazine was found near the Nissan, and a rifle was found inside the Nissan. A semi-automatic ghost gun and magazine were found disassembled on the trunk of another car, along with a black wallet; inside the wallet was identification for an individual with the last name of Mobley—defendant's cousins' last name. The officers also found a loaded Glock magazine in the area where the pursuing officer had seen something thrown from the fleeing Nissan's passenger side. It is the government's understanding that the investigation into the shooting is still ongoing, and that defendant bailed out of state custody before a warrant could be obtained for his supervised release violation. Defendant self-surrendered to the Marshals on October 12, 2021.

### III. DISCUSSION

Defendant cannot meet his burden to show by clear and convincing evidence that he is not a danger to the community or a flight risk, and so he should be detained.

First and foremost, defendant poses an acute danger to the community. His offenses of conviction were grave and violent, nearly rising to the level of a homicide. As described above, he knowingly held a loaded gun to the head of an undercover federal officer in Richmond in 2012, all in the hopes of monetary gain. And, according to the allegation in the Petition and the Contra Costa Sheriff's Office reports, defendant is back to the same kind of activity in Richmond—possessing firearms despite his felony convictions, participating in a shooting that left a man hospitalized, and fleeing from the police in a car and on foot.

In addition, defendant cannot meet his burden to show that he is not a risk of flight. Although defendant apparently self-surrendered to the Marshals in response to the warrant in this matter, he nonetheless fled from police pursuit for over two miles in a car only a week ago, endangering other motorists and bystanders, and then fled on foot until he was tased. Defendant also fled directly after the events that led to his 2013 conviction. Given this demonstrated history of flight, defendant should be detained.

### IV. CONCLUSION

Based on the above, the government respectfully requests that the Court detain defendant pending resolution of his supervised release violation.

DATED: October 13, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

 /s/ Katherine M. Lloyd-Lovett
KATHERINE M. LLOYD LOVETT
Assistant United States Attorney